# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1603
Lower Tribunal No. 21-14017
_____

**Skybus Jet Cargo, Inc.,**
Appellant,

vs.

**ACA International, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Aero Law Center, and Jonathan A. Ewing and Tami A. Trimming (Fort Lauderdale), for appellant.

Shutts & Bowen LLP, and Aleksey Shtivelman and Aliette D. Rodz, for appellee.

Before LOGUE, C.J., and SCALES and MILLER, JJ.

PER CURIAM.

Appellant Skybus Jet Cargo, Inc. ("Jet Cargo"), the defendant below, seeks appellate review of the trial court's July 22, 2022 nonfinal order that summarily denied its July 14, 2022 motion to dismiss the complaint filed by the plaintiff below, appellee ACA International, LLC ("ACA"). Jet Cargo's notice of appeal alleges that this Court has appellate jurisdiction to review the nonfinal order pursuant to Florida Rules of Appellate Procedure 9.130(a)(3)(A) and (a)(3)(C)(i).

While ACA has not filed a motion to dismiss Jet Cargo's appeal with this Court, before reaching the merits of any appeal, we are required to conduct an independent jurisdictional inquiry. See City of Sweetwater v. Pichardo, 314 So. 3d 540, 542 (Fla. 3rd DCA 2020). Because the trial court's unelaborated order denying Jet Cargo's dismissal motion is not contained in Florida Rule of Appellate Procedure 9.130(a)(3)'s schedule of appealable, nonfinal orders, we lack appellate jurisdiction to review the challenged order and, therefore, we dismiss this appeal.[1]

---

[1] In determining whether we have appellate jurisdiction to review a nonfinal order under rule 9.130(a)(3), "this Court looks to the four corners of the *challenged order*, not the arguments made in the *underlying motion*." Truist Bank v. De Posada, 307 So. 3d 824, 826 (Fla. 3d DCA 2020). For this reason alone we dismiss the appeal. We note, though, that even if our jurisdictional determination included review of the underlying motion, we would still dismiss this appeal because Jet Cargo's dismissal motion alleged only that ACA's complaint failed to state a cause of action. Moreover, the transcript from the July 22, 2022 hearing on Jet Cargo's dismissal motion does not

Appeal dismissed.

---

reflect any other rationale for the motion that, if it had been properly reflected in the challenged order, would form a permissible basis for us to exercise appellate jurisdiction under rule 9.130(a)(3).